UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY, JASON GERHARD and<br>CIRINO GONZALEZ,<br><br>Defendants | Criminal No. 07-189-GZS |

**ORDER DENYING DEFENDANT GONZALEZ'S MOTION TO DISMISS COUNT I**

In March 2008 a jury trial commenced in this matter against three Defendants – Daniel Riley, Jason Gerhard and Cirino Gonzalez.  Defendant Gonzalez was tried on four counts of the Third Superseding Indictment – Conspiracy to Prevent Officers of the United States from Discharging their Duties, 18 U.S.C. § 372 (Count I) ; Conspiracy to Commit Offenses Against the United States, 18 U.S.C. § 371 (Count 11); Accessory After the Fact, 18 U.S.C. § 3 (Count III); and Carrying, Using and Possessing a Firearm in Connection with a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(i) (Count V).  After a two-week trial and on the third day of deliberations, the jury sent a note to the Court stating:

> We have verdicts for all counts for two defendants.  We are deadlocked on two counts for the third defendant.  We have reviewed the evidence in the matter for approximately 12 hours and our votes have not changed significantly.

(Docket No. 391.)  After consulting with counsel, the Court took the full verdicts on Defendant Riley and Defendant Gerhard.  The Court then gave the jury the Allen charge and asked the jury

to resume deliberation on the charges against Defendant Gonzalez. The jury continued to deliberate and the next day sent a note stating:

> The jury is deadlocked on the same two counts. We have followed the instructions as given to us and have reviewed the minority and majority views many times. No movement has occurred for more than 16 hours of deliberation and all parties agree that no further movement is possible.

(Docket No. 393.) On this basis, the Court found "manifest necessity" to declare a mistrial on the two counts on which the jury could not reach a verdict and Attorney Bownes did not object to that finding or the Court's declaration of a mistrial. The jury found Defendant Gonzalez guilty on Conspiracy to Commit Offenses Against the United States, 18 U.S.C. § 371 (Count II) and Accessory After the Fact, 18 U.S.C. § 3 (Count III) and the Court declared a mistrial on the other two counts.

The Government seeks a retrial on the two counts that the Court declared a mistrial – Conspiracy to Prevent Officers of the United States from Discharging their Duties, 18 U.S.C. § 372 (Count I) and Carrying, Using and Possessing a Firearm in Connection with a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(i) (Count V). The Court now has before it Defendant Gonzalez's Motion to Dismiss Count I (Docket No. 406), which asserts that his conviction on Court II bars further prosecution on Count I. The Government opposes the Motion (Docket No. 422).

The Fifth Amendment to the Constitution provides that no person shall be "twice put in jeopardy of life or limb" for the same offense. U.S. Const. Amend. V. Among other things, the double jeopardy clause protects defendants against "serial attempts by the government to convict a defendant on a single charge." United States v. Keene, 287 F.3d 229, 232 (1st Cir. 2002). Without such protection, a defendant could be subjected to multiple trials, increasing the expense and embarrassment of the defendant, and enhancing the risk of convicting an innocent person.

Id. However, the First Circuit has held that if a mistrial is caused by "manifest necessity," double jeopardy does not prevent retrial. United States v. Brown, 426 F.3d 32, 36 (1st Cir. 2005). In this case, the Court has already found that the hung jury created a manifest necessity to declare a mistrial. United States v. McIntosh, 380 F.3d 548, 553 (1st Cir. 2004) ("[A] hung jury is the paradigmatic example of manifest necessity.") Moreover, the Court has already determined that Count I and Count II, as charged in the Third Superseding Indictment, are not multiplicitous. Therefore, the retrial on Count II does not put Defendant Gonzalez in double jeopardy.

Accordingly, the Court **ORDERS** that Defendant Gonzalez's Motion to Dismiss Count I be, and it is hereby, **DENIED**.

/s/ George Z. Singal
Chief United States District Judge

Dated this 15th day of May, 2008.