# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

**UNITED STATES OF AMERICA**

    **v.**                              **Cr. No. 07-189-03-GZS**

**CIRINO GONZALEZ**

## GOVERNMENT'S SENTENCING MEMORANDUM
## REGARDING APPLICABILITY OF § 2A2.2 AS OPPOSED TO § 2A2.4

After trial the defendant was convicted of Count Two (a conspiracy to violate 18 U.S.C. § 111(a) and § 3) and Count Three (18 U.S.C. § 3).  The Pre-sentence Investigation Report (PSI) suggest that the guideline section applicable to the 18 U.S.C. § 111(a) object of the conspiracy, which the PSI refers to as Count Two A, is § 2A2.4.  Specifically, ¶ 37 of the PSI states:

> Count Two A refers to the 18 U.S.C. §111(a)(l) violation. As referenced in USSG App. A (Statutory Index), the appropriate guideline for violation of 18 U.S.C. § 111 is either USSG §2A2.2 or §2A2.4. USSG §2A2.2 is for Aggravated Assault and <u>because no physical assault occurred</u> this guideline is inappropriate. However, USSG §2A2.4 references Obstructing or Impeding Officers, which is the most analogous guideline and produces a base offense level of ten. (Emphasis added).

PSI @ ¶ 37.

The government agrees that the Court should use either § 2A2.2 or § 2A2.4, but for the following reasons urges the Court to utilize § 2A2.2 and not § 2A2.4 as the PSI suggests. However, even if the Court agrees that § 2A2.4 is the primary guideline section, the government submits that the cross reference at § 2A2.4(c)(1), which directs a cross reference to § 2A2.2 if the conduct constituted aggravated assault, should appropriately be applied.

The government asserts that the Probation Department's analysis is flawed in two inter-related respects.  First, it treats the analysis as if the count of conviction were a substantive offense and not a conspiracy.  And second, it presupposes that an actual assault must occur in

order to apply the more severe guideline, § 2A2.2.

As noted above, the PSI states "USSG §2A2.2 is for Aggravated Assault and because no physical assault occurred this guideline is inappropriate." PSI @ ¶ 37. The mere fact that no physical assault occurred might be relevant if the charge was a straight violation of 18 USC § 111(a), but here the charge is conspiracy to violate 18 USC § 111(a). The irrefutable facts, as established at trial, make clear that the conspiracy was a crime of violence and the conspirators intended to cause serious injury and/or death to law enforcement officers.

The fact that the conspiracy was completed but that the object of the conspiracy was not achieved should not in any way diminish or reduce the "aggravated" nature of the assaults contemplated and planned for in the conspiracy. All of the acts necessary for completion of the object had occurred. Only the patience and professional determination of the U.S. Marshals' Service prevented what was almost certain bloodshed and death.

Had the conspiracy been one to commit simple assault, or to merely obstruct or impede officers, the logic of applying § 2A2.4 would be correct. But here, each of the defendants engaged in conduct that created a substantial likelihood someone would be injured or killed. As is set forth in paragraph 9 of Count One, and which is incorporated by reference in Count Two of which the defendant has been convicted, "[t]he manner and means by which RILEY, GERHARD, GONZALEZ and WOLFFE and the other people with whom they conspired sought to accomplish the object of the conspiracy included, among others, temporarily residing in the Browns' home, purchasing firearms, bringing firearms to the Browns' home, and publicly announcing their intention to forcibly resist efforts by the United States Marshals Service to arrest Edward Brown and Elaine Brown." One of the primary objects of the conspiracy was to

violently repel, and if necessary kill, federal law enforcement agents who attempted to arrest Edward and Elaine Brown.  Each defendant actively worked to arm himself and others, and to defend the Brown compound and the Browns.  They each acted overtly and in a manner which can be seen as nothing short of creating a situation that substantially increased the chances federal law enforcement officers would be injured or killed.

A simple analogy may make clear the government's reasoning.  If a hypothetical defendant were convicted of conspiring to commit armed bank robbery with a gun, once the conspiracy was completed, even if the bank robbery did not take place, the defendant's guideline analysis would start with USSG § 2X1.1.  Section 2X1.1(a) provides that the guideline for the substantive offense should be used, which, for armed bank robbery, would be 2B3.1.  That Section has a base offense level of 20.  Because the hypothetical case was a conspiracy, § 2X1.1(b)(2) would require a reduction of 3 levels if the conspirators did not complete all the acts they believed necessary for successful completion of the substantive offense.  But in the case at bar, all such acts were completed and therefore no reduction should be made.

In this case, the guideline section for the underlying offense, 18 USC § 111(a), is either § 2A2.2 or § 2A2.4.  But since the conspiracy involved extraordinarily dangerous and violent acts (assault rifles, armor piercing ammunition, night scopes, infrared lights, home made pipe bombs, exploding Tannerite, and homemade remotely triggered booby trap devices) § 2A2.2 much more accurately captures the true nature of the conspiracy than does § 2A2.4, which envisions relatively minor crimes of obstruction and minor assault where no physical contact is required.

In the case of U.S. v. Zaragoza-Fernandez, 217 F.3d 31 (1st Cir. 2000), the Circuit Court affirmed the District Court's use of § 2A2.2 instead of § 2A2.4 in a case where the conduct was

far less egregious and far less violent. In that case the defendant refused to stop at a guard house at the exit of a military base, and instead drove on the grass to escape, even though he saw a military policeman in front of his car. As the police officer jumped out of the way the car caused a glancing blow to his leg. The District Court determined that the defendant's assault involved a dangerous weapon with intent to do bodily harm.

The government submits that the case of U.S. v. Zaragoza-Fernandez, 217 F.3d 31 (1st Cir. 2000), and the cases cited therein, support the proposition that where a defendant acts in "a manner creating a substantial risk of serious bodily injury" that the District Court may apply § 2A2.2.

Consequently, the government respectfully submits that § 2A2.2 should be used and not § 2A2.4. If so, the following changes to the PSI should be made.

¶ 46 should reflect § 2A2.2 instead of § 2A2.4 and a base offense level of 14 instead of 10;

¶ 47A should be added to reflect a 2 level enhancement for more than minimal planning, pursuant to § 2A2.2(b)(1);

¶ 47B should be added to reflect a 3 level enhancement because firearms were brandished and their use was threatened, pursuant to § 2A.2(b)(2)(C);

¶ 48 should be changed to reflect a 6 level enhancement for official victim, pursuant to § 3A1.2(b). Consistent with Application Note 1 to § 3A1.2, the PSI notes at ¶ 44 that "the victims of Count Two A are the individual USMS deputies and not the government in general";

¶ 51 should be changed to reflect an Adjusted Offense Level of 25 instead of 15;

¶ 65 should be changed to reflect 25 as the Adjusted Offense Level for Count Two (A) instead of 15, and should also reflect 1 Unit instead of ½ Unit;

¶ 66 should be changed to reflect 2 as the Total Number of Units instead of 1;

¶ 67 should be changed to reflect 25 as the Greater Adjusted Offense Level instead of 21;

¶ 68 should be changed to reflect an increase in offense level of 2 and not 1;

¶ 69 should be changed to reflect a Combined Adjusted Offense Level of 27 instead of 22;

¶¶ 71 & 73 should both be changed to reflect 27 instead of 22;

¶ 95 should be changed to reflect a total offense level of 27 instead of 22 and a sentence range of 70 to 87 months instead of 41 to 51 months.

 For the reasons set forth above, the government respectfully requests that Secton 2A2.2 of the United States Sentencing Guidelines be utilized to calculate the advisory guideline range applicable to the conspiracy to violate 18 U.S.C. § 111(a) (Count Two A), and that the resulting changes referenced above be made.

Dated: September 22, 2008

Respectfully submitted,
Thomas Colantuono
United States Attorney

By: /s/ Arnold A. Huftalen
Arnold Huftalen
Assistant U. S. Attorney

By: /s/ Robert M. Kinsella
Robert M. Kinsella
Assistant U. S. Attorney

Certificate of Service

I hereby certify that on September 22, 2008, I caused a copy of the foregoing to be filed electronically and thereby served upon counsel of record, and that a copy has been served upon the United States Probation Office.

/s/ Arnold H. Huftalen
Assistant U.S. Attorney